| | |
|---|---|
| 1 | KAMALA D. HARRIS<br>Attorney General of California |
| 2 | TYLER B. PON<br>Supervising Deputy Attorney General |
| 3 | WILFRED FONG<br>Deputy Attorney General |
| 4 | State Bar No. 154303<br>  1515 Clay Street, 20th Floor |
| 5 |   P.O. Box 70550<br>  Oakland, CA  94612-0550 |
| 6 |   Telephone:  (510) 622-2114<br>  Fax:  (510) 622-2121 |
| 7 |   E-mail:  Wil.Fong@doj.ca.gov<br>*Attorneys for Defendant* |
| 8 | *Medical Board of California* |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VAHE SARKISSIAN, M.D. ,**<br><br>                          Plaintiff,<br><br>         v.<br><br>**MEDICAL BOARD OF CALIFORNIA,**<br><br>                          Defendant | C11-01176 EMC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANT MEDICAL BOARD OF CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:           June 29, 2011<br>Time:          10:30 a.m.<br>Courtroom: 5, 17th Floor<br>Judge          Hon. Edward M. Chen<br>Trial Date    None<br>Action Filed:  March 10, 2011 |

**TO VAHE SARKISSIAN, M.D., IN PRO SE:**

**PLEASE TAKE NOTICE** that on June 29, 2011, at 10:30 a.m. or as soon thereafter as counsel may be heard in Courtroom 5 of the above entitled court, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California, defendant Medical Board of California will and hereby does move this Court for an order, under Federal Rules of Civil Procedure, Rule 12 (b), dismissing Plaintiff's entire Complaint for lack of subject matter jurisdiction and because the

Complaint fails to state a claim upon which relief may be granted for the following specific reasons:

1. The Eleventh Amendment bars suits in federal court against states and state agencies for alleged violations of constitutional rights.

2. Plaintiff's action is barred by the Younger Abstention doctrine, which precludes federal district court review of pending state administrative proceedings.

3. The Medical Board is shielded by absolute quasi-prosecutorial immunity.

This motion will be based on this notice of motion; the attached memorandum of points and authorities filed in support thereof; on such oral and documentary evidence as shall be introduced at the time of the hearing; and on all papers and pleadings on file herein.

Dated: May 20, 2011

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
TYLER B. PON
Supervising Deputy Attorney General


*/s/ WIL FONG*
_____
WIL FONG
Deputy Attorney General
*Attorneys for Defendant Medical Board of California*

# MEMORANDUM OF POINTS AND AUTHORITIES

# PRELIMINARY STATEMENT

### A. Parties and Nature of Case

This is an action for monetary damages and equitable relief brought by Plaintiff Vahe Sarkissian, M.D., in pro se. The Defendant is the Medical Board of California (hereafter Medical Board).

Plaintiff is a licensed physician and alleges that on February 8, 2011, the Medical Board issued an order compelling Plaintiff to submit to a psychological examination. Plaintiff complains that the Medical Board's Order is "illegal and unconstitutional" because Plaintiff was not provided with any petition or notice of the allegations for the examination. (Complaint, 2:9-13, 2:27 - 3:3.)

Plaintiff's Complaint asserts one cause of action for violation of civil rights under 42 U.S.C. section 1983.

Defendant Medical Board now moves to dismiss the Complaint under Fed.Rule.Civ.Proc. 12(b) on the grounds that this Court lacks jurisdiction, and the Complaint fails to state facts sufficient to state a claim to relief.

### B. Procedural Background, Administrative Proceedings and On-Going State Court Review

The Medical Board of California is vested with the authority to license and regulate physicians practicing in the State of California pursuant to California Business and Professions Code § 2001, et seq. By statutory directive, the Medical Board's highest priority is to protect the public through licensing, regulating and disciplining practicing physicians. (Bus.&Prof. Code §§ 2001.1, 2004)

Under Bus.&Prof. Code § 820, the Medical Board can order the psychological evaluation of a licensed physician "whenever it appears that any person holding a license … may be unable to practice his or her profession safely because the licentiate's ability to practice is impaired due to mental illness." A licensed physician's refusal to comply with the Medical Board's Order constitutes grounds for discipline. (Bus.&Prof. Code § 821.) If the Medical Board decides to

take disciplinary action against a physician, the procedures set forth in Bus.&Prof. Code §§ 821-828, and Cal. Gov. Code § 11500, et seq., apply, which provide for administrative adjudication in a formal hearing before an administrative law judge. The administrative law judge's decision is subject to state-court judicial review by mandate petition under Gov. Code §11523 and Cal. Code of Civ. Proc. § 1094.5.

As alleged in the Complaint, on February 8, 2011, the Medical Board ordered Plaintiff to undergo a mental examination after it determined that Plaintiff "may be mentally ill to the extent that his condition affects his ability to practice medicine safely." (Complaint, 2:9-10, Exhibit 1.)

Plaintiff has refused to comply with the Medical Board's Order. Consequently, on April 6, 2011, the Medical Board filed an Accusation against Plaintiff for failing to comply with the Medical Board's Order. (See accompanying Request to Take Judicial Notice, Item 1., Exhibit A.) The Medical Board's Administrative Accusation is now pending before the Office of Administrative Hearings in Oakland, California. (See accompanying Request to Take Judicial Notice, Item 2, Exhibit B.)

### C. Statement of Issues to Be Decided in This Motion

This motion to dismiss presents the following issues to be decided:

1. Does the Eleventh Amendment bar Plaintiff's claim against the Medical Board of California, which is an agency of the State of California?

2. Is this action barred by the Younger Abstention doctrine, which precludes federal district court review of pending state administrative proceedings?

3. Is the Medical Board entitled to absolute quasi-judicial immunity?

Defendant submits that the answer to the questions presented is yes, and, accordingly, the Court should grant this motion to dismiss.

///
///
///
///
///

4

# ARGUMENT

## I. THE ELEVENTH AMENDMENT BARS PLAINTIFFS' CLAIMS AGAINST THE STATE AND STATE AGENCIES

42 U.S.C. § 1983 provides a private cause of action for the alleged deprivation of constitutional and federal rights, but it does not provide a forum for litigants who seek a remedy against a state, state agency or state officials acting in their official capacities. (*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988).)

The Eleventh Amendment bars such suits in federal court unless the defendant has specifically waived this immunity, or Congress has exercised its power under the Fourteenth Amendment to override that immunity. (*Will v. Michigan Dept. of State Police, supra*, 491 U.S. at 66.) Waiver of a state official's Eleventh Amendment immunity can be found only when evidenced by the most express language, and must extend explicitly to suits in federal court. (*Leer v. Murphy, supra*, 844 F.2d at 632.) With respect to actions against the State of California, and its agencies and officials, the California Tort Claims Act contains no waiver of Eleventh Amendment immunity from suit in federal court. (*Riggle v. State of Cal.*, 577 F.2d 579, 585-586 (9th Cir. 1978).) Nor did Congress, in passing 42 U.S.C. Section 1983, intend to override the states' Eleventh Amendment immunity. (*Will v. Michigan Dept. of State Police, supra*, 491 U.S. at 66.)

The Eleventh Amendment's immunity is a jurisdictional bar. (*Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (defense of Eleventh Amendment is a jurisdictional bar); *Seaborn v. State of Florida, Dept. of Corrections*, 143 F.3d 1405, 1407 (11th Cir. 1998).) This jurisdictional bar applies regardless of the nature of the relief sought. (*Pennhurst*, 465 U.S. at 100-01; see also *Missouri v. Fiske*, 290 U.S. 18, 27 (1933) ("Expressly applying to suits in equity as well as at law, the [Eleventh] Amendment necessarily embraces demands for the enforcement of equitable rights and the prosecution of equitable remedies when these are asserted and prosecuted by an individual against a State").)

Here, Plaintiff attempts to sue the Medical Board, an agency of the State, in federal court.

The Eleventh Amendment, however, bars Plaintiff from doing so. Since the Complaint fails to state facts sufficient to invoke the Court's subject matter jurisdiction, the Complaint should be dismissed, with prejudice.

**II.     THIS ACTION IS BARRED BY THE YOUNGER ABSTENTION DOCTRINE**

The concern for comity and federalism require federal courts to refrain from interfering in pending state judicial proceedings where important state interests are involved. (*Hoffman v. Pursue, Ltd.*, 420 U.S. 592 (1975); *Juidice v. Vall*, 430 U.S. 327 (1977).) This doctrine of abstention (referred to as the Younger Abstention doctrine) applies not only to state criminal and civil trials, but also to state administrative proceedings that implicate important state interests and provide a full and fair opportunity to litigate a claim. (See *Younger v. Harris*, 401 U.S. 37 (1971); *Gibson v. Berryhill*, 411 U.S. 564, 576-577 (1982).)

State administrative proceedings that accomplish the judicial purpose of providing an opportunity for the parties to be heard on the facts before a final determination is made by a neutral magistrate qualify for abstention. (*Ohio v. Middlesex*, 457 U.S. 423, 432-34 (1982) (abstaining where the federal plaintiff brought suit to enjoin an administrative disciplinary action brought against him by the state bar's ethics committee).)

In the present case, Younger Abstention is appropriate. An administrative adjudication proceeding is now pending before the Office of Administrative Hearings. An administrative Accusation against Plaintiff was filed on April 6, 2011. (See accompanying Request for Judicial Notice, Item 1, Exhibit A.) Pursuant to Cal. Admin. Code, tit. 1, § 1018, a Request to Set a hearing before an administrative law judge was presented on May 12, 2011. (See accompanying Request for Judicial Notice, Item 2, Exhibit B.) The administrative adjudication will be heard before a neutral administrative law judge. (Bus.&Prof. Code § 11502, subd. (a).) Plaintiff will be afforded a full and fair opportunity to litigate the matter pursuant to the procedural safeguards set forth in Gov. Code § 11500, et seq., which provide for notice, discovery, reporting of the hearing by stenographic reporter, the taking of evidence, and the right to examine and cross-examine witnesses. (Gov. Code §§ 11500-11513.) The final determination resulting from the

administrative adjudication is subject to judicial state-court review by writ of mandate. (Gov. Code §§ 11517, 11523; Cal. Code of Civ. Proc. § 1094.5.)

Further, the State has an important and substantial interest in protecting the public by licensing, regulating and disciplining physicians to ensure that they are competent to practice medicine.

Because a state administrative adjudication is now pending, the Younger Abstention doctrine applies, and this Court should refrain from hearing this matter.

### III. THE MEDICAL BOARD IS ENTITLED TO ABSOLUTE QUASI-PROSECUTORIAL IMMUNITY

"Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacity." (*Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) (citing *Stump v. Sparkman*, 435 U.S. 349, 364 (1978)); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).) "This immunity reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." (*Olsen, supra*, 363 F.3d. at 922 (quoting *Bradley v. Fisher*, 80 U.S. 335 (1871)); see also *Mishler v. Clift*, 191 F.3d 998, 1003 (9th Cir. 1999) ("'The essential rationale is that, without protection from retaliatory suits, a judge would lose that independence without which no judiciary can be either respectable or useful.' A prosecutor's entitlement to absolute immunity flows from the performance of activities that are intimately associated with the judicial process.").)

The Supreme Court has long extended the benefits of this absolute immunity to the administrative adjudication arena, to immunize State and federal regulators for their actions taken in bringing license revocation proceedings. (*Butz v. Economou*, 438 U.S. 478, 508-17 (1978) (federal agriculture officials entitled to absolute immunity for instituting proceedings under the federal APA to revoke commodities broker's registration, allegedly in retaliation for broker's criticism of the department); *Olsen, supra,* 363 F.3d at 923 (state medical board entitled to

absolute quasi-judicial immunity against § 1983 damage claim based on their disciplinary proceedings and revocation of physician license).)

Courts employ a functional approach to determine whether or not an official is entitled to absolute immunity. (*Mishler, supra*, 191 F.3d at 1003.) "'Essentially, the court examines the function performed by the official and determines whether it is similar to a function that would have been entitled to absolute immunity when Congress enacted § 1983.'" (*Id.* (quoting *Buckley v. Fitzsimmons,* 509 U.S. 259, 268 (1993)).) If the official functions as the equivalent of a judge or a prosecutor, the official will likely be entitled to absolute immunity for any acts committed in that role. (*Olsen, supra*, 363 F.3d at 923 ("We must consider whether the actions taken by the official are functionally comparable to that of a judge or a prosecutor").)

The Supreme Court, in *Butz v. Economou*, 438 U.S. 478 (1978), identified the following non-exclusive factors that embody "characteristics of the judicial process" and aid in determining whether to grant absolute immunity: (a) the need to assure that the official can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal." (*Cleavinger v. Saxner*, 474 U.S. 193, 202 (1985) (citing *Butz,* 438 U.S. at 512).)

Here, as discussed above, the subject Order Compelling Mental Examination against Plaintiff constitutes an integral part of the Medical Board's regulatory enforcement role, and an initial step in the administrative adjudication process leading to potential discipline. As the Court of Appeal held in *Olsen*, a state medical board is entitled to absolute quasi-judicial immunity against a § 1983 damage claim based on its disciplinary proceedings and revocation of a physician's license. (*Olsen, supra,* 363 F.3d at 923.)

Accordingly, the Medical Board is absolutely immune from suit in this action.

///

///

///

# CONCLUSION

For each of the foregoing reasons, defendant Medical Board respectfully requests that the Court grant this motion to dismiss, without leave to amend. Dismissal without leave to amend is appropriate in this case as amendment would be futile. (*See Nunes v. Ashcroft* 348 F.3d 815, 828 (9th Cir. 2003); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (futility justifies denial of leave to amend); see also *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1998) (amendment is futile if no set of facts can be proven under the amendment that would constitute a valid claim or defense).)

Dated: May 20, 2011

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
TYLER B. PON
Supervising Deputy Attorney General

*/s/ WIL FONG*

_____
WIL FONG
Deputy Attorney General
*Attorneys for Defendant Medical Board of California*

OK2011900276
90191946.doc