# FILED

2011 JUN 16

## *United States District Court For The Northern District of California*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*June 3, 2011*

*Vahé Sarkissian, M.D.*
*953 Reddington Court*
*Walnut Creek, CA 94596*
*Plaintiff*

*Honorable Edward M. Chen*
*United States Magistrate Judge*
*San Francisco Courthouse, Courtroom C - 15th Floor*
*450 Golden Gate Avenue, San Francisco, CA 94102*

*Civil Action No. C 11-01176 EMC*
*Vahé Sarkissian, M.D. v. Medical Board of California*

*Re: Request For Continuance*

Dear Judge Chen:

Please consider this letter a response to the motion to dismiss filed by the defendants counsel in the case, California Assistant Deputy Attorney Generals (ADAG) Susan K. Meadows and Vic Fong, which is currently scheduled for your decision on June 29, 2011. I would like to ask for a continuance of at least 90 days. In order to establish a basis for my request, I first would like to review a timeline of some of the events that have already transpired, as follows:

On December 1, 2010, I filed my request with ADAG Meadows for discovery materials. Please see Exhibit A.

On December 6, 2010, I responded to ADAG Meadows' request for discovery. Please see Exhibit B.

On December 12, 2010, I received the response letter from ADAG Meadows to my request for discovery. In her letter, ADAG Meadows writes that the contents of the discovery materials that she would be sending me quantitatively amounted to 31 pages. ADAG Meadows writes that my former attorney, Robert J. Sullivan, provided "most" of the discovery materials to her that she would then be providing to me. Please see Exhibit C.

On December 13, 2010, my stepfather, Kevork M. Garabedian, paid the State for the discovery materials. Please see Exhibit D.

1

On December 21, 2010, I received an envelope from ADAG Meadows, which contained the discovery materials. They were, in fact, 31 pages. This is available for your review.

On March 10, 2011, as a pro se litigant, I filed complaint C 11-01176 EMC in United States District Court against the Medical Board of California, which is represented by ADAG Meadows. This federal complaint was, subsequently, served upon the defendants by the U.S. Marshall as appropriated by your court.

On April 19, 2011, I sent ADAG Meadows a letter informing her of the complaint that I had filed. Please note that I am appealing directly to you for this continuance because, in the past, similar requests have gone unanswered by ADAG Meadows. Please see Exhibit E. Also, please see next for Exhibit F-5.

On May 16, 2011, I received a box from ADAG Meadows. In this box, there now appeared "1,353" pages of discovery. ADAG Meadows included a cover letter. Please see exhibit F. The contents of this box can also be made available for your review.

At this juncture, I revisit the purpose of this letter. To establish the merits of my request, I offer a sample deconstruction of Exhibit F juxtaposed with what is already known for the purposes of establishing the necessity of extended time for adequate review and preparation in response to the motion for dismissal as proposed by the defendants in this case:

- ADAG Meadows appears to attribute the sudden shift from 31 pages to 1,353 pages to the "ongoing" nature of the investigation (1). The appearance of more than a thousand pages of discovery as a consequence of the "ongoing" nature of ADAG Meadows' investigation is difficult to reconcile. Under the specifics of this case, it would require her to have come in possession, and presumably review, of more than a 1,300 pages of novel material between the dates of December 21, 2010 and May 6, 2011 that she did not have previously as supported by the contents of the discovery material she sent me in an envelope on December 21, 2010. While it is possible to have accrued more than a 1,300 pages of novel material in the span of 6 months between December 2010 to May 2011, review of my own records, specifically Exhibits A and B, and the gross inspection of the contents of the box of discovery availed to me by ADAG Meadows on May 6, 2011, indicates that the sudden turnover of more than 1,300 pages of material could not be due to the "ongoing" nature of the investigation. I state this because the May 6, 2011 box of discovery contains within it, materials that ADAG Meadows has had in her possession since March 2010, if not prior, but which she did not forward to me on December 21, 2010 as would have been required under my formal legal request for discovery on December 1, 2010 or Exhibit A. The annotated statements made in Exhibit B, which ADAG Meadows has not contested, further support this.

- To telescope in on a specific example of the inconsistency, I offer my signed authorization forms for medical records from three psychiatrists, Dr. Richard S. Epstein of Maryland, Dr. Sarwat M. Gad of Louisiana, and Dr. Josh Gibson of California, who were availed to ADAG Meadows at her request on March 15, 2010. Please see Exhibit G. A cursory review of the box of discovery from May 6, 2011 finds pages emanating from these records that were not supplied by ADAG Meadows at the time of formal discovery request on December 21, 2010 despite the deduction that they were in her possession at that earlier time. Thus, I respectfully offer the possibility that the appearance of these more than 1,300 pages of discovery material is not the consequence of ADAG Meadows "ongoing" investigation, but rather a consequence of my having filed a federal complaint against the manner in which she has proceeded in her handling of my case. Additional examples of inconsistencies and omissions in this vein exist.

- ADAG Meadows notes the involvement of Dr. Bruce Berg (2). Previous to May 6, 2011, information regarding Dr. Berg or his functional necessity had not been mentioned to me, despite the fact that ADAG Meadows has had repeated opportunities to do so. Specifically, this would have been important information to provide at the time I was informed, and then reminded, that I was being compelled to undergo a psychiatric evaluation. Review of those communications from February 8 and February 11, 2011, respectively, demonstrates complete absences of any such justification. Please see Exhibit H and Exhibit I. Rather, akin to the materialization of the more than 1,300 pages of discovery, it appears as if the involvement of Dr. Berg has been disclosed as a consequence of filing C 11-01176 EMC.

- The contents of the May 6, 2011 box are stated by ADAG Meadows to be discovery materials. There is no system of inventory affixed to the more than 1,300 pages, however, such as sequential enumeration in order to have some accounting of what is being proffered. This, along with my current inability to pay ADAG Meadows the $135.30 (3) processing fee, further complicates review of these materials. While the 31 pages from December 21, 2010 were also without enumeration, handling 31 pages is much more manageable than handling 1,353 pages of State's evidence.

- The following attempts to address the question of ADAG Meadows' request for discovery (4) and my request for an extension (5). With the former, I am unclear as to how I am to expound on that which is indicated in Exhibit B, as I have not practiced in the interim, and hence there is no new data that, to the best of my understanding, she is requesting. With the latter, again, I am uncertain of whether ADAG Meadows is unaware or dismissive of the fact that I had requested more time from her on April 19, 2011 as demonstrated in Exhibit E. This seeming miscommunication is another reason for why I have, in turn, chosen to directly appeal to you, Judge Chen.

3

In closing, I hope you will agree that it would be reasonable for an individual pro se litigant to request additional time in order to fully review and comprehend the sudden delivery of thousands of pages of previously undisclosed discovery materials relative to his or her case. I hope you will also permit my approaching you directly for this request under the circumstances as I realize how busy you must be and it is certainly not my intent to distract you from your schedule of responsibilities. If anything, however, I feel that the abrupt disclosure of materials well out of proportion with the contents that were provided to me in the past when discovery was said to have been consolidated, in tandem with the sudden attempt to shoehorn in the pre-requisites for the process that was attempted to be impressed upon me without those requirements, underscores the validity of the impetus under which I filed my original complaint in federal court.

Sincerely,

Vahé Sarkissian, M.D.


cc:
Susan K. Meadows
Deputy Attorney General of California
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5552
Facsimile: (415) 703-5480

Lynda K. Whitney
Medical Board of California
Discipline Coordination Unit
2005 Evergreen Street
Suite 1200
Sacramento, CA 95815-3831
Telephone: (916) 263-2389
Facsimile: (916) 263-2387

Kamala D. Harris
Attorney General of California
1300 "I" Street
Sacramento, CA 95814-2919
Telephone: (916) 445-9555
Facsimile: (916) 324-5205

**Exhibit A**

1 | Vahe Sarkissian, M.D.
953 Reddington Court
2 | Walnut Creek, CA 94596
Telephone: (415) 308-8342
3

4 | In Pro Per

5

6

7

8

9 | BEFORE THE
MEDICAL BOARD OF CALIFORNIA
10 | DEPARTMENT OF CONSUMER AFFAIRS
STATE OF CALIFORNIA
11

12 | In the Matter of the Accusation Against: | Case No: 16-2008-196491

13 | Vahe Sarkissian, M.D. | **REQUEST FOR DISCOVERY**

14 | Physician and Surgeon's Certificate
No. A 90620
15

16 | Respondent.

17

18 | Pursuant to Government Code section 11507.6, Respondent requests the following

19 | discovery:

20 | (1) The names and addresses of witnesses to the extent known to the Complainant,

21 | including, but not limited to, those intended to be called to testify at the hearing, and

22 | (2) The opportunity to inspect and make a copy of any of the following in the

23 | possession, custody or under the control of the Complainant:

24 | (a) Any statement of any person(s), other than the Respondent, named in the

25 | initial administrative pleading, or in any additional pleading, when it is claimed that the act or

26 | omission of the Respondent as to such person is the basis for the administrative proceeding;

27 | (b) Any statement(s) pertaining to the subject matter of the proceeding made

28 | by any party to another party or person, including, but not limited to, statements made to

1  investigators, recorded orally or in writing;

2          (c)     Statements of witnesses proposed to be called by the Complainant and of

3  other persons having personal knowledge of the acts, omissions or events which are the basis

4  for the proceeding, not included in (a) or (b) above;

5          (d)     All writings, including, but not limited to, reports of mental, physical and

6  blood examinations and things which the Complainant proposes to offer in evidence;

7          (e)     Any other writing or thing, including, but not limited to, the file(s) of any

8  investigator, including the notes of any investigator(s),which is relevant and which would be

9  admissible in evidence;

10          (f)     Any investigative reports made by or on behalf of the Complainant or any

11  other party pertaining to the subject matter of the proceeding, to the extent that such reports:

12  (1) contain the names and addresses of witnesses or of persons having personal knowledge of

13  the acts, omissions or events which are the basis for the proceeding, or (2) reflect matters

14  perceived by the investigator in the course of the investigation, or (3) contain or include by

15  attachment, any statement or writing described in (a) through (e) above, inclusive, or any

16  summary thereof.

17          For the purposes of this section, "statement" includes written statements by the person,

18  signed or otherwise authenticated by him or her, stenographic, mechanical, electrical or other

19  recordings, or transcripts thereof, of any oral statements by the person, and written reports or

20  summaries of such oral statements.

21          This request for discovery constitutes a continuing request, and is intended to cover any

22  and all discoverable materials that may in the future come into your possession.  Respondent,

23  in turn, will treat any request for discovery by the Complainant as a continuing request.

24

25  Dated: December 1, 2010        By:

26                                      Vahe Sarkissian, M.D., In Pro Per

27

28

**Exhibit B**

Vahe Sarkissian
953 Reddington Court
Walnut Creek, CA 94596
Telephone: (415) 308-8342
*Respondent*

Dec. 6, 2010

Susan K. Meadows
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5552
Facsimile: (415) 703-5480
*Attorneys for Complainant*

Re: Case No. 16-2008-196491
Request For Discovery

Dear Deputy Attorney General Susan K. Meadows,

Please consider this communication to be my response to your Request for Discovery (Case No. 16-2008-196491) dated October 19, 2010 and sent via Certified U.S. Mail on November 23, 2010, and which I received on November 24, 2010.

The Request for Discovery stated that I should direct my response to the attorney for the Complainant, which I understand to be you as the Deputy Attorney General for the State of California (CA) who serves as the counsel for the Medical Board of CA in this matter.

I have been informed by attorneys at Nossaman LLP that in regards to discovery materials, the firm has already provided these to you. Communication records also demonstrate that measures were taken in order to help facilitate your review of the materials that Nossaman LLP had organized and provided to you. For example, I was told you had informed attorney Robert Sullivan on or about March 3, 2010 that some items Nossaman LLP had listed on a census of materials they had provided to you, were either missing or that you may have been unable to locate amongst the catalogue of materials. Records demonstrate Mr. Sullivan to have responded by citing the tab numbers corresponding to specific documents, the intent of which was to organize the materials and promote ease of reference.

If I am mistaken in any of the above recapitulation, please let me know and I will do my best to better respond to your inquiry. Thank you.

Sincerely,

Vahe Sarkissian

**Exhibit C**

**EDMUND G. BROWN JR.**
**Attorney General**

**State of California**
**DEPARTMENT OF JUSTICE**



455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5552
Facsimile: (415) 703-5480
E-Mail: Susan.meadows@doj.ca.gov

December 7, 2010

Vahe Sarkissian, M.D.
953 Reddington Court
Walnut Creek, CA 94596

RE:   In the Matter of the Second Amended Accusation Against: VAHE SARKISSIAN, M.D.
       MBC No. 16-2008-196491

Dear Dr. Sarkissian:

This letter is in response to your Request for Discovery in the above matter. Most of the materials in this matter were submitted to me by your former counsel, Mr. Sullivan. To the extent that, at this time, I have documents responsive to your request, those total 31 pages. To cover the cost of reproduction and mailing, we are required to charge ten (10) cents per page. Accordingly, please send a check in the amount of $3.10, made payable to the "California Department of Justice." Once we receive payment, the discovery materials will be mailed to you.

Sincerely,

SUSAN K. MEADOWS
Deputy Attorney General

For   EDMUND G. BROWN JR.
       Attorney General

SKM:

SF2009201516
20382476.doc

**Exhibit D**



**KEVORK M. GARABEDIAN**
953 REDDINGTON CT
WALNUT CREEK, CA 94596-6034

90-7182/3222
3880877805

1303

DATE 12/13/10

PAY TO THE
ORDER OF _California_ _t. of_ _ce_ $ 3

_Three & o_ DOLLARS

CHASE

JPMorgan Chase Bank, N.A.
Washington Mutual Branch
Walnut Creek Main Financial Center
1300 South Main Street, Walnut Creek, CA 94596

MEMO

⑈322271627⑈ 3880877805⑊ 1303

**Exhibit E**

Vahé Sarkissian, M.D.
953 Reddington Court
Walnut Creek, CA 94596
Telephone: (415) 308-8342
*Respondent*

April 19, 201

| Susan K. Meadows | Lynda K. Whitney | Kamala D. Harris |
|---|---|---|
| Deputy Attorney General | Medical Board of California | Attorney General of California |
| 455 Golden Gate Avenue | Discipline Coordination Unit | 1300 "I" Street |
| Suite 11000 | 2005 Evergreen Street | Sacramento, CA 95814-2919 |
| San Francisco, CA 94102-7004 | Suite 1200 | Telephone: (916) 445-9555 |
| Telephone: (415) 703-5552 | Sacramento, CA 95815-3831 | Facsimile: (916) 324-5205 / |
| Facsimile: (415) 703-5480 | Telephone: (916) 263-2389 | (916) 323-0123 |
| *Attorney for Complainant* | Facsimile: (916) 263-2387 | |

Re: Case No. 16-2008-196491

Request For Postponement

Dear Deputy Attorney General Susan K. Meadows,

On April 9, 2011, I received your Third Amended Accusation (File No. 16-2008-196491). I would like to request a postponement as is allowed for according to the STATEMENT TO RESPONDENT section of the communication I received. The basis for my request is as follows:

On February 9, 2011, I received your Order to Compel me to undergo a psychiatric evaluation (File No. 16-2008-196491).

On March 10, 2011, I filed a complaint in United States District Court for the Northern District of California in response to your File No. 16-2008-196491. This was assigned Case No. C-11-01176 by the court. I also applied for permission to proceed in forma pauperis.

On April 9, 2011, as noted above, I received your Third Amended Accusation (File No. 16-2008-196491). This document informed me that I could request a postponement in the section entitled STATEMENT TO RESPONDENT.

On April 12, 2011, I was informed by the United States District Court for the Northern District of California that Case No. C-11-01176 had been approved to proceed in forma pauperis. Therefore, I was informed that the Clerk would issue the summons and that the U.S. Marshall for the Northern District of California would serve the complaint.

In light of this development, I would like to request a postponement. Thank you for your time and consideration. My current financial despondency also makes it difficult to prepare and proceed with a hearing at this time.

Sincerely,

Vahé Sarkissian, M.D.

**Exhibit F**

**KAMALA D. HARRIS**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**



455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5552
Facsimile: (415) 703-5480
E-Mail: Susan.meadows@doj.ca.gov

May 16, 2011

Vahe Sarkissian, M.D.
953 Reddington Court
Walnut Creek, CA 94596

Re:   TRANSMITTAL OF DISCOVERY
      In the Matter of the Third Amended Accusation Against:
      VAHE SARKISSIAN, M.D.,
      Medical Board of California Case No. 16-2008-196491

Dear Dr. Sarkissian:

A Third Amended Accusation was filed against your medical license on April 6, 2011. Since discovery is ongoing[1] under the Administrative Procedures Act, pursuant to your prior request for discovery, enclosed is a copy of the investigative file which is pertinent to the new charges alleged in the Third Amended Accusation, altogether 1,353 pages. These documents include the Petition for Order Compelling Mental Examination and the declaration of Dr. Bruce Berg[2] M.D., in support of that Petition. Also, enclosed please find a copy of the CD of your audio recorded interview with the Medical Board on June 8, 2010.

To cover the cost of reproduction and mailing, we are required to charge ten (10) cents per page, plus postage. Accordingly, within the next 14 days, please send a check in the amount of $135.30[3] made payable to the "California Department of Justice."

Also, within the next thirty (30) days, please send me the names and addresses of your witnesses and indicate what documents or other evidence you have in your custody and control, as further described in our Request for Discovery,[4] which was served upon you with the

Vahe Sarkissian, M.D.
May 16, 2011
Page 2

Accusation on or about March 23, 2009. Please contact me if you cannot meet this deadline.[5]

Sincerely,

SUSAN K. MEADOWS
Deputy Attorney General

For      KAMALA D. HARRIS
         Attorney General

Enclosure: Investigative File, Petition to Compel Mental Examination, Declaration of Dr. Bruce
Berg, M.D. & CD of Sarkissian Interview of June 8, 2010

SF2009201516
20453441.doc

**Exhibit G**







**Exhibit H**



**MEDICAL BOARD OF CALIFORNIA**
Discipline Coordination Unit



February 8, 2011

Vahe Sarkissian, M.D.              GOLDEN STATE OVERNIGHT
953 Reddington Court
Walnut Creek, CA 94596

Dear Dr. Sarkissian:

Enclosed is a copy of the Order Compelling Mental Examination which was granted by the
Medical Board. Please note the date of the Order is February 8, 2011.

The Order states that the examinations shall be conducted no later than thirty (30 ) days from the
date of service of this Order. Please contact Supervising Investigator, Teri Bennett in the
Pleasant Hill District Office at (925) 937-1900.

Sincerely,

*Brenda Allen*
Brenda Allen, **Analyst**
Discipline Coordination Unit

cc:     Susan K. Meadows, Deputy Attorney General, San Francisco
        Teri Bennett, Supervising Investigator, Pleasant Hill

File No: 16-2008-196491

1 | KAMALA D. HARRIS
Attorney General of California
2 | JOSE R. GUERRERO
Supervising Deputy Attorney General
3 | SUSAN K. MEADOWS
Deputy Attorney General
4 | State Bar No. 115092
455 Golden Gate Avenue, Suite 11000
5 | San Francisco, CA 94102-7004
Telephone: (415) 703-5552
6 | Facsimile: (415) 703-5480
*Attorneys for Petitioner*

7

**BEFORE THE**
8 | **MEDICAL BOARD OF CALIFORNIA**
**DEPARTMENT OF CONSUMER AFFAIRS**
9 | **STATE OF CALIFORNIA**

10

11 | In the Matter of the Petition to Compel Mental Examination Of: | Case No. 16-2008-196491

12 | **VAHE SARKISSIAN, M.D.** | **ORDER COMPELLING MENTAL EXAMINATION**

13 | **953 Reddington Court**
**Walnut Creek, CA 94596** | **(Bus. & Prof. Code § 820)**

14 | **Physician's and Surgeon's Certificate**
15 | **No. A 90620**

16 | Respondent.

17 | The Executive Director of the Medical Board of California (the "Board") having

18 | petitioned the Board for an order requiring Vahe Sarkissian, M.D., Certificate No. A90620, to be

19 | examined by a physician and surgeon specializing in psychiatry pursuant to Business and

20 | Professions Code section 820, and it appearing to the Board that Vahe Sarkissian, M.D., may be

21 | mentally ill to the extent that his condition affects his ability to practice medicine safely,

22 | IT IS NOW THEREFORE ORDERED pursuant to Business and Professions Code

23 | section 820 as follows:

24 | 1. Vahe Sarkissian, M.D. shall submit to an examination to be conducted by a

25 | physician and surgeon specializing in psychiatry who shall be selected by the Board or its

26 | designee to determine whether Dr. Sarkissian is impaired due to mental illness to such an extent

27 | as to affect his ability to practice medicine with safety;

28

1

1      2.      The examination of Vahe Sarkissian. M.D.. shall be conducted at a time
2 mutually convenient to Dr. Sarkissian and the examiner selected by the Board. but in no case later
3 than thirty (30) days after service of this Order;

4      3.      The examination shall continue from day to day until completed, and shall
5 include any and all examinations and tests ordered and/or conducted by the examining
6 psychiatrist and considered necessary in his or her professional judgment. Respondent shall
7 cooperate with the examination, and shall permit prompt access to any treatment records or other
8 information deemed necessary by the examiner(s.)

9      4.      The results of said examination shall be reported by the examiner(s) in a
10 detailed written report which sets forth his/her findings and conclusions and which shall be
11 delivered to the Executive Director of the Medical Board, with a copy of said report to Vahe
12 Sarkissian, M.D. if requested;

13      5.      Any failure by Vahe Sarkissian. M.D.. to comply with this Order by either
14 refusing or failing to submit to the examination or any part thereof, or by refusing or failing to
15 cooperate with the examiner(s), shall constitute grounds for disciplinary action against Dr.
16 Sarkissian's license pursuant to Business and Professions Code section 821.

17      The foregoing is the Order of the Medical Board of California, Department of
18 Consumer Affairs in Case No. 16-2008-196491. An immediate effective date has been assigned
19 to this Order.

20      Made this _8th_ day of _February_, 2011.

21      Hedy Chang, Chair – Panel B
22      FOR THE MEDICAL BOARD OF CALIFORNIA

23

24

25

26

27

28

2

ORDER COMPELLING MENTAL EXAMINATION

## DECLARATION OF SERVICE BY GOLDEN STATE OVERNIGHT MAIL

In the Matter of the Petition to Compel Mental Examination of:

VAHE SARKISSIAN, M.D.        Case No. 16-2008-196491

I, the undersigned, declare that I am over 18 years of age and not a party to the within cause; my business address is 1430 Howe Avenue, Sacramento, California 95825. I served a true copy of the attached:

### ORDER FOR MENTAL EXAMINATION

by Golden State Overnight mail on each of the following, by placing same in an envelope (or envelopes) addressed (respectively) as follows:

### NAME AND ADDRESS

Vahe Sarkissian, M.D.              Golden State Overnight
953 Reddington Court
Walnut Creek, CA 94596

Susan K. Meadows               FIRST CLASS MAIL
Deputy Attorney General
Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Each said envelope was then, on February 8, 2011, sealed and deposited in the Golden State Overnight mail at Sacramento, California, the county in which I am employed, as certified mail, with the postage thereon fully prepaid, and return receipt requested.

Executed on February 8, 2011, at Sacramento, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Brenda Allen*

Brenda Allen, Declarant

**Exhibit I**

STATE AND CONSUMER SERVICES AGENCY - *Department of . mer Affairs*        EDMUND G. BROWN JR., *Governor*

 

MEDICAL BOARD OF CALIFORNIA
ENFORCEMENT PROGRAM
Pleasant Hill District Office
3473 Buskirk Avenue, Suite 217
Pleasant Hill, CA 94523
(925) 937-1900 Fax (925) 937-1964

## VIA CERTIFIED AND FIRST CLASS MAIL.

February 11, 2011

Vahe Sarkissian, M.D.
953 Reddington Court
Walnut Creek, CA 94596

     Re:    Psychiatric Examination
           Medical Board Control No. 12 2010 205154

Dear Doctor Sarkissian:

Pursuant to the Medical Board's Order compelling your mental examination, you are to contact the designated consultat psychiatrist who will carry out your psychiatric evaluation:

The psychiatrist who has been designated is:

     Joan Gerbasi, M.D.
     423 E Street
     Davis, CA 95616
     (530) 753-4636

Please contact Dr. Gerbasi within the next five business days to confirm your appointment date and time. Your appointment has been set for **Tuesday, March 1, 2011 at 3:00 p.m. at Dr. Gerbasi's office in Davis.** Please allow a minumum of three hours for your evaluation.

If you are not able to make your appointment, please work out a more agreeable date and time with Dr. Gerbasi, **HOWEVER,** be aware that your evaluation must take place within thirty (30) days from the date that your order was signed (February 8, 2011). After you have contacted Dr. Gerbasi, please call me and let me know your appointment date.

If there are any problems or questions associated with this matter, please call me at (925) 937-0677.

Sincerely,

Noelle Holloway
Senior Investigator

Enclosure:    Copy of Order Compelling Mental Examination

1  KAMALA D. HARRIS
   Attorney General of California
2  JOSE R. GUERRERO
   Supervising Deputy Attorney General
3  SUSAN K. MEADOWS
   Deputy Attorney General
4  State Bar No. 115092
   455 Golden Gate Avenue, Suite 11000
5  San Francisco, CA 94102-7004
   Telephone: (415) 703-5552
6  Facsimile: (415) 703-5480
   Attorneys for Petitioner
7

8                        BEFORE THE
                MEDICAL BOARD OF CALIFORNIA
9              DEPARTMENT OF CONSUMER AFFAIRS
                    STATE OF CALIFORNIA

10

11 | In the Matter of the Petition to Compel Mental | Case No. 16-2008-196491
   | Examination Of: |

12 | VAHE SARKISSIAN, M.D. | ORDER COMPELLING MENTAL
   | | EXAMINATION
13 | 953 Reddington Court
   | Walnut Creek, CA 94596 | (Bus. & Prof. Code § 820)

14 | Physician's and Surgeon's Certificate
15 | No. A 90620

16              Respondent.

17          The Executive Director of the Medical Board of California (the "Board") having

18  petitioned the Board for an order requiring Vahe Sarkissian, M.D., Certificate No. A90620, to be

19  examined by a physician and surgeon specializing in psychiatry pursuant to Business and

20  Professions Code section 820. and it appearing to the Board that Vahe Sarkissian, M.D.. may be

21  mentally ill to the extent that his condition affects his ability to practice medicine safely.

22          IT IS NOW THEREFORE ORDERED pursuant to Business and Professions Code

23  section 820 as follows:

24      1.    Vahe Sarkissian, M.D. shall submit to an examination to be conducted by a

25  physician and surgeon specializing in psychiatry who shall be selected by the Board or its

26  designee to determine whether Dr. Sarkissian is impaired due to mental illness to such an extent

27  as to affect his ability to practice medicine with safety;

28

                                    1

2.    The examination of Vahe Sarkissian. M.D., shall be conducted at a time
mutually convenient to Dr. Sarkissian and the examiner selected by the Board. but in no case later
than thirty (30) days after service of this Order:

3.    The examination shall continue from day to day until completed, and shall
include any and all examinations and tests ordered and/or conducted by the examining
psychiatrist and considered necessary in his or her professional judgment. Respondent shall
cooperate with the examination. and shall permit prompt access to any treatment records or other
information deemed necessary by the examiner(s.)

4.    The results of said examination shall be reported by the examiner(s) in a
detailed written report which sets forth his/her findings and conclusions and which shall be
delivered to the Executive Director of the Medical Board, with a copy of said report to Vahe
Sarkissian, M.D. if requested;

5.    Any failure by Vahe Sarkissian, M.D., to comply with this Order by either
refusing or failing to submit to the examination or any part thereof, or by refusing or failing to
cooperate with the examiner(s), shall constitute grounds for disciplinary action against Dr.
Sarkissian's license pursuant to Business and Professions Code section 821.

The foregoing is the Order of the Medical Board of California, Department of
Consumer Affairs in Case No. 16-2008-196491. An immediate effective date has been assigned
to this Order.

Made this 8th day of February, 2011.

Hedy Chang, Chair – Panel B
**FOR THE MEDICAL BOARD OF CALIFORNIA**

2